Third Department, October, 1938.
(October 13, 1938.)

Edward Johnson and Edna B. Johnson, His Wife, Appellants, v. Simon Etkin, as City Clerk and Clerk to the Council of the City of Schenectady, New York; Robert W. Baxter, as Mayor of the City of Schenectady, New York; Hugh R. McPartlon and Others, as Members of the Council of the City of Schenectady, New York; Charles Eckel and Henry C. Fagal, as Election Commissioners of the County of Schenectady, New York; Citizens' Council for Proportional Representation of Schenectady, New York, and Schenectady Taxpayers' Association, Respondents.

Hill, P. J., Rhodes, McNamee and Bliss, JJ., concur; Heffernan, J., dissents, with an opinion.

HEFFERNAN, J. (dissenting). I dissent from the majority view and vote to reverse the judgment appealed from and to grant plaintiffs the relief asked for in their complaint, with costs.

At the general election held in 1923 article 12 of the State Constitution was amended so as to establish a comprehensive system of home rule for the cities of the State. Section 2 of that article reads: " The Legislature shall not pass any law relating to the property, affairs or government of the cities, which shall be special or local either in its terms or in its effect, but shall act in relation to the property, affairs or government of any city only by general laws which shall in terms and in effect apply alike to all cities except on message from the Governor declaring that an emergency exists and the concurrent action of two-thirds of the members of each house of the Legislature."

In pursuance of the constitutional amendment the Legislature framed the City Home Rule Law (Consol. Laws, chap. 76; Laws of 1924, chap. 363). Subdivision 2 of section 12 of that law provides *inter alia:* " No local law shall supersede any provision of an act of the Legislature relating to the property, affairs or government of cities which provision in terms and in effect applies alike to all cities." The authority of a city to enact a local law has its origin in the Constitution. (*Bareham* v. *City of Rochester*, 246 N. Y. 140, 145.)

In November, 1934, the electors of the city of Schenectady adopted Plan " C " of the Optional City Government Law as their structure of government. This became effective on January 1, 1936. Later the Optional City Government Law was amended by including in the term " city " all the cities in the State of New York. (Laws of 1914, chap. 444, § 2, subd. 1, as amd. by Laws of 1935, chap. 407, § 2.)

Sections 35–51, inclusive, of article 3 of that act are general provisions applicable to the seven different plans of government provided for in the Optional City Government Law. Any city of the State may adopt any one of these seven different forms of government. .

Under Plans A, B, C, D, E or F of that law the term of office of the mayor and members of the council is four years. The terms, however, of the councilmen to be first elected under any of such plans shall be four years for the one-half receiving the highest number of votes and the terms of the remaining one-half shall be two years. (65 McKinney's Unconsolidated Laws, 88, § 538; Laws of 1914, chap. 444, § 38.) In cities of the second class under Plan " C " the council shall be composed of a mayor and six councilmen, all of whom shall be elected at large. (65 McKinney's Unconsolidated Laws, 96, § 587; Laws of 1914, chap. 444, § 87.)

The city is now attempting to change its form of government and to provide for the election of nine councilmen at large, not by the highest number of votes, but by proportional representation and for terms of two years. The council so elected shall select a mayor from its own number by a majority vote of the councilmen. The form to which the proposed change is to be made is not one of the seven forms provided for in the Optional City Government Law.

The plaintiffs are seeking to restrain the submission of the proposed local law on the ground that it is in violation of the City Home Rule Law.

It must be conceded that the Optional City Government Law is a general statute and applies to all cities alike. It is argued, however, that Plan " C " does not apply alike to all cities because all cities have not adopted it. That argument is falacious. A law operative throughout the State which grants equally to all in a class an option to avail themselves of the provisions of the act by adoption thereof and declares such provisions to be in force wherever adopted is general regardless of the number adopting it. (59 C. J. 734, § 321.)

The fact that at the time a statute is enacted one municipality only falls within the classification fixed thereby will not cause the statute to be regarded as special or local, if the classification is founded in reason and general in terms; but will, if the classification is arbitrary and illusory; the test being whether other municipalities from time to time may be included, or are permanently excluded. (59 C. J. 760, § 353.)

In electing to come within the provisions of the Optional City Government Law the city of Schenectady adopted a charter proposed by the State. That charter fixes the terms of office for the mayor and the members of the council. That provision is general and applies to the various plans of government defined in the act. In the proposed local law it is sought to supersede these provisions. The city may not do that because such provisions apply alike to all cities.

The city derives from the Constitution authority to legislate relative to matters germane to purely municipal affairs. The Home Rule Amendment took the form of a direct grant of power to the municipalities rather than an enlargement of the power of the Legislature to delegate legislative functions to cities. The city is still, however, a subordinate governmental agency of the State. The power of the Legislature to enact a general law applicable alike to all cities is supreme notwithstanding any conflicting charter provision of any municipality. We cannot have a State within a State.

Under the authority to exercise self-government or home rule a city cannot act on matters of purely State concern. (*Adler* v. *Deegan*, 251 N. Y. 467; *County Securities, Inc.*, v. *Seacord*, 278 id. 34; 43 C. J. 188; *Attorney-General* v. *Detroit*, 225 Mich. 631; 196 N. W. 391; *City of Logansport* v. *Public Service Commission of Indiana*, 202 Ind. 523; 177 N. E. 249.)

The proposed local law is in direct conflict with subdivision 2 of section 12 of the City Home Rule Law. In view of this conclusion, it is unnecessary to discuss the other questions in the case.

It seems to me that exceptional and extraordinary circumstances of a public nature exist here so that in view of the far-reaching consequences of the adoption of the local law in question we ought to decide the issue of its validity. (*Matter of McCabe* v. *Voorhis*, 243 N. Y. 401.)